IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY GAINES, Husband and Wife; and KATHERINE CROUSE-DAZZO, Husband and Wife;<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | 8:20CV385<br><br>**MEMORANDUM AND ORDER** |

This case is before the court on the Motion to Bifurcate and Stay Discovery (Filing No. 24) filed by Defendant State Farm Fire and Casualty Company ("State Farm").

Plaintiffs Troy Gaines and Katherine Crouse-Dazzo ("Plaintiffs") filed this lawsuit against State Farm alleging "claims under a policy of property insurance issued by State Farm arising from a fire at Plaintiffs' home occurring August 20, 2019." (Filing No. 1 at CM/ECF p. 1, ¶ 3) (Notice of Removal). The Complaint alleges claims against State Farm for both breach of contract and bad faith. (Id). State Farm now moves "to bifurcate the Plaintiffs' bad faith claim for a separate trial and to stay all discovery on the bad faith claim pending the resolution of the Plaintiffs' contract claim." (Filing No. 24).

After consideration, State Farm's motion will be granted for the reasons set forth herein.

1

BACKGROUND

On August 20, 2019, a residential fire occurred at Plaintiffs' property at 3636 Edna Street in Bellevue, Nebraska. (Filing No. 1-1). At all relevant times, State Farm provided property insurance on the residence. (Filing No. 1-1 at CM/ECF p. 4, ¶ 27) ("the Policy"). After the fire, State Farm conducted an extensive investigation, beginning in August 2019 and culminating in a final report on April 3, 2020, a supplemental report on June 2, 2020, and a final determination on June 11, 2020. (Filing No. 1-1 at CM/ECF p. 16, ¶¶ 120, 126-127). After it completed its investigation and testing, State Farm denied coverage for Plaintiffs' fire loss, claiming that that certain policy exclusions applied. (Filing No. 1-1 at CM/ECF p. 128). Specifically, State Farm claims that the fire was intentionally caused or procured by Plaintiffs and that Plaintiffs intentionally concealed or mispresented material facts or circumstances related to their insurance claim. (Filing No. 41 at CM/ECF p. 3).

Plaintiffs assert that they have not misrepresented the facts and that the fire was accidental. (Filing No. 1-1 at CM/ECF p. 22, ¶ 157). They claim that State Farm did not have a sufficient basis for concluding the fire was intentional and that the denial of coverage breached the insurance contract. Plaintiffs further assert State Farm acted in bad faith, as it did not have any reasonable basis for denial of their claim. As a result of the insurance dispute, Plaintiffs filed a lawsuit against State Farm in District Court for Douglas County, Nebraska. It was removed to federal court on September 25, 2020.

Thereafter, the court entered a progression schedule (Filing No. 11), and the parties exchanged written discovery. State Farm objected to several of Plaintiffs' discovery requests, claiming "the requested discovery was irrelevant to Plaintiffs' contract claim and, to the extent the requests were relevant to the bad faith claim,

were premature and prejudicial to State Farm's defense of the contract claim." (Filing No. 25 at CM/ECF p. 2). State Farm then filed the instant motion to bifurcate this case. (Filing No. 24). State Farm asks the court to order separate trials on the breach of contract and bad faith claims made by Plaintiff. See Fed. R. Civ. P. 42(b). State Farm further requests that the court stay discovery on the bad faith claim until the breach of contract claim is tried or otherwise resolved. (Filing No. 24).

## ANALYSIS

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The court has broad discretion when evaluating whether certain issues and/or claims should be separately tried. Panchal Enterprises v. State Farm Fire & Cas. Co., 2021 WL 1909897, at *1 (D. Neb. May 12, 2021). "In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." Id. (quoting O'Dell v. Hercules, 904 F.2d 1194, 1201-02 (8th Cir. 1990)). The burden is on the party seeking bifurcation to demonstrate it will be prejudiced if the claims are not bifurcated. See Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir.2000).

Courts are often faced with requests to bifurcate insurance litigation where both breach of contract and bad faith claims are raised. However, there is no rule or mandate that those issues be tried separately, and the "analysis must be performed on a case-by-case basis." Kermeen v. State Farm Ins. Co., 2015 WL 4727646, at *2 (D. Neb. Aug. 10, 2015).

Here, State Farm asserts that it will be prejudiced if the claims are not bifurcated, arguing that different evidence underpins each distinct claim. State

3

Farm argues that information related to its claims handling processes, its loss reserve information, and other internal procedures has no bearing on whether it breached the Plaintiffs' insurance contract. Instead, evidence of internal policies and practices (and, by extension, any evidence of State Farm's motivation in denying the claim) is only relevant to Plaintiffs' bad faith claim. State Farm claims that

> the jury does not need to know anything about State Farm's motivation, its internal procedures, or its internal evaluation of Plaintiffs' claim. If such evidence were presented at a trial on the breach of contract claim, unfair bias and confusion of the issues could result.

(Filing No. 44 at CM/ECF p. 4). State Farm further asserts that bifurcating Plaintiffs' claims supports judicial economy, arguing that if State Farm prevails on the breach of contract claim, the bad faith claim will likely also fail. (Filing No. 44 at CM/ECF p. 4) (citing Kermeen, 2015 WL 4727646, at *2). Thus, trying the contract claim first would potentially obviate the need for extensive discovery into State Farm's business practices and processes. And the possible elimination of that facet of this case would also, arguably, save judicial resources that would have been otherwise spent preparing jury instructions and other trial materials for the bad faith claim. (Filing No. 44 at CM/ECF p. 5).

Plaintiffs disagree. Plaintiffs argue that evidence supporting both the breach of contract and bad faith claims is synonymous. (Filing No. 41 at CM/ECF p. 9) ("This Court should deny State Farm's motion to bifurcate because the evidence required to prove Plaintiffs' breach of contract and bad faith claims are substantially the same."). Specifically, Plaintiffs assert that "both claims rely upon the same issue." (Filing No. 41 at CM/ECF p. 6). In their briefing, Plaintiffs concede that they "do not disagree" with the legal authorities cited by State Farm in support of

4

bifurcation. (Filing No. 41 at CM/ECF p. 6). However, Plaintiffs argue that "[t]hose authorities are just simply not applicable" because "each case cited by State Farm in its brief concern cases where there are separate issues giving rise to the breach of contract claims and bad faith claims." (Filing No. 41 at CM/ECF p. 6). Plaintiffs contend that the outcome of both causes of action here are premised on resolution of a single issue: was there a "reasonable basis" for denying Plaintiffs' claim? (Filing No. 41 at CM/ECF p. 8).

Under Nebraska law (which both parties appear to agree governs their dispute), a breach of contract claim requires that Plaintiffs prove: "(1) the parties entered into a contract; (2) the terms of the contract; (3) the defendant breached the contract in one or more of the ways alleged by the plaintiff; (4) the breach of contract was the proximate cause of some damage to the plaintiff; and (5) the nature and extent of the damage." Farm Credit Servs. of Am. v. Mens, 456 F. Supp. 3d 1173, 1186 (D. Neb. April 21, 2020) (citation omitted). Whether State Farm had a reasonable basis to deny coverage goes to the third element – whether the insurer breached the insurance contract. If State Farm had a valid basis to deny the claim, they are not in breach. This will require evidence related to the nature and cause of Plaintiffs' loss, read in conjunction with State Farm's coverage obligations.

Liability for bad faith may be established where there is no reasonable basis for denial of a claim, and the insurer acted with knowledge or reckless disregard of the lack of reasonable basis for denial. Williams v. Allstate Indem. Co., 266 Neb. 794, 799, 669 N.W.2d 455, 460 (2003). Thus, the reasonableness of the denial is relevant to the bad faith issue, as well.

Therefore, Plaintiffs are correct that both the contract and bad faith claims will require evidence related to the basis (reasonable or otherwise) for the denial

of their claim. They are incorrect, however, about the effect of that pronouncement. As noted, liability for bad faith requires a lack of reasonable basis <u>and</u> a showing of knowledge or reckless disregard for that lack of reasonable basis (i.e., the bad faith claim, as opposed to the breach of contract, requires proof of the insurer's <u>motivation</u> for the denial). Williams, 266 Neb. 794, 799, 669 N.W.2d 455, 460.

Stated in another way, for breach of contract, Plaintiffs must prove that State Farm incorrectly applied a policy exclusion to these facts. But, for bad faith, Plaintiffs must prove that State Farm incorrectly applied a policy exclusion <u>on purpose</u> and with reckless disregard or knowledge of the fact that it should not have been invoked in this case. Thus, the "reasonable basis" for the denial is not the sole issue to be litigated, contrary to Plaintiffs' contention otherwise. And the distinction Plaintiffs are attempting to draw between this case and the cases cited by State Farm is predicated on that faulty premise. In reality, this lawsuit presents the court will analogous circumstances as in those cases discussed in State Farm's opening brief.

It was true in those cases, as here, that there is some factual overlap between the asserted claims. However, while some overlap exists, the breach of contract and bad faith claims in this case are distinct, require different showings, and implicate different evidentiary needs. In this posture, and on these facts, bifurcation is appropriate.

    I.    Prejudice

The court is persuaded by State Farm's prejudice argument. There is a real risk of prejudice if the claims are litigated together. Because the insurer's motives are at issue when bad faith is alleged, courts have been more willing to expand discovery to allow plaintiffs to probe the insurer's internal deliberative process,

methods, and potentially nefarious motivation. See, e.g., Gronik v. Balthasar, 2013 WL 5376025, at *3 (E.D. Wis. Sept. 24, 2013) ("the scope of discovery in a bad faith action is broader than in a breach of contract action"); Country Club of Fairfield, Inc. v. New Hampshire Ins. Co., 2014 WL 3895923, at *4 (D. Conn. Aug. 8, 2014) (same); Seabron v. Am. Fam. Mut. Ins. Co., 862 F. Supp. 2d 1149, 1157 (D. Colo. 2012), order clarified on reconsideration (June 26, 2012) (same).

Much of that motive discovery would have little, if any, relevancy to the breach of contract claim. State Farm's reserve information, internal communications, and subjective motivation do not bear upon any breach of the insurance contract. Panchal Enterprises v. State Farm Fire & Cas. Co., 2021 WL 2195504, at *3 (D. Neb. Mar. 10, 2021), objections overruled, 2021 WL 1909897 (D. Neb. May 12, 2021). However, if the claims are tried together, there is a real risk that the jury would improperly consider that evidence when evaluating the breach of contract. Plaintiff's evidence regarding State Farm's alleged motive would "likely inject prejudice into the proceedings and create jury confusion or bias with respect to the breach of contract claims." Kermeen, 2015 WL 4727646, at *4. The court is not convinced that a jury instruction or other prophylactic measure would alleviate that significant prejudicial risk.

    II.    Judicial Economy

In addition, the court finds that bifurcation serves judicial economy. If the breach of contract claim is resolved in favor of State Farm, Plaintiffs' bad faith claim will likely be moot. Under Nebraska law, if a breach of contract claim fails or is not "viable," the bad faith claim will likely also fail. Kermeen, 2015 WL 4727646, at *4; Panchal, 2021 WL 2195504, at *3.

7

Plaintiffs concede that this is likely true on the facts presented here. (Filing No. 41 at CM/ECF 6). However, Plaintiffs argue that they

> …will likely lose their bad faith claim if they lose their breach of contract claim. But not because their bad faith claim is wholly dependent on their breach of contract claim as a separate claim. Rather, Plaintiffs' bad faith claim will fail because both claims rely upon the same issue. That issue being, did State Farm have a reasonable basis for invoking the Intentional Loss exclusion and denying coverage for Plaintiffs' loss? What State Farm fails to point out in its brief, however, is that if it is unsuccessful in showing that it invoked the Intentional Loss exclusion without a reasonable basis, Plaintiffs will win in both causes of action.

(Filing No. 41 at CM/ECF p. 6). That argument is flawed for the same reason outlined above: Plaintiffs misstate their burden on the bad faith claim. They must prove not only that State Farm improperly invoked the policy exclusion but also that State Farm did so with knowledge or reckless disregard for the fact that the exclusion did not apply. Thus, Plaintiffs' contention that if they win as to the breach of contract they also win as to the bad faith claim is incorrect and ignores the need to show the insurer's subjective motivation to establish bad faith. Put differently, if State Farm prevails on the breach of contract claim, the parties agree that any such judgment would dispose of the entire case. However, the same is not true if Plaintiffs prevail on the breach of contract claim. They would need to make an additional showing to recover on the bad faith claim. Plaintiffs' argument that separate trials would result in completely duplicative efforts is therefore unfounded.

The court agrees with State Farm: Resolution of the contract claim may resolve the entire dispute, and it is in the interest of judicial economy to try that issue first.

8

With that said, "[e]ven if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. Essentially, ... courts must balance the equities in ruling on a motion to bifurcate." Kermeen, 2015 WL 4727646, at *2 (quoting Real v. Bunn–O–Matic Corp., 195 F.R.D. 618, 620 (N.D.Ill.2000)). Plaintiffs argue that bifurcation would create additional expense and would unnecessarily prolong this dispute.

The court is not convinced that those considerations outweigh the potential benefit of bifurcating the issues. While it may cause delay in final resolution, it might also expedite that process (should Defendants prevail on the contract issue). Plaintiffs do not elaborate on their contention that bifurcation would cause additional expenses. Presumably, they premise that theory on the need for additional (and perhaps duplicative) discovery and the potential need for a second trial. The court is likewise unconvinced on that front. Trying the contract claim first vastly limits the scope of discovery needed in the first instance. That means less time drafting and answering discovery and producing discovery documents. And, in all likelihood, less time litigating discovery disputes and drafting protective orders. See Panchal, 2021 WL 2195504, at *3 ("bifurcation at this stage will expedite and economize the case and conserve the court's and parties' resources because it would limit, if not eliminate, discovery disputes over protective orders, privilege logs and other inevitable discovery battles regarding the bad faith claim, which will undoubtedly delay the preparation of the contract action and delay resolution of that issue" (internal quotation marks omitted)).

While there is some risk that conducting separate trials (if necessary) would be more expensive and time consuming, the court does not believe that risk outweighs the potential benefit of bifurcation. On balance, the equities militate toward bifurcation in this case.

III. Discovery

For the same reasons that the court will order separate trials, the court will stay discovery on the bad faith claim pending resolution of the breach of contract claim. Because State Farm's subjective motive is irrelevant to the contract claim, any discovery targeted at that motivation is irrelevant at this stage. This would include loss reserve information, claims handling procedures, internal communications and/or deliberations on claims handling, personnel files, any financial motivation or incentive to deny the claim, and the like.

The court is aware that there are currently discovery requests pending that target information related to both claims. State Farm may withhold production of documents related to only to the bad faith claim. And to the extent that the parties disagree as to whether certain documents are relevant only to the bad faith issue, they are strongly encouraged to discuss and resolve those issues amicably. To the extent that they cannot do so, the court will set a deadline by which any dispute related to previously served discovery must be presented to the undersigned for resolution.

IV. Conclusion

In sum, the court finds that State Farm has met its burden to bifurcate Plaintiffs' claims and to stay discovery as to the bad faith claim. The court finds that there is a significant risk of juror confusion and prejudice to State Farm should these issues be tried together and that a bifurcated trial promotes judicial economy. While there is some overlap between the contract and bad faith claims, if a jury concludes State Farm had a reasonable basis for denying insurance coverage, the parties agree that the bad faith claim must be dismissed. If the jury concludes State Farm lacked a reasonable basis for denying the claim, that determination will be

binding on State Farm in the bad faith action—leaving only State Farm's motivation and Plaintiffs' damages in tort to be litigated. Under these facts, any prejudice Plaintiffs would experience does not outweigh the benefit of bifurcating the contract and bad faith claims.

Accordingly,

IT IS ORDERED:

1) State Farm's motion to bifurcate and stay ([Filing No. 24](#)) is granted. The bad faith claim is stayed pending resolution of the breach of contract action.

2) The parties are directed to discuss pending discovery in light of this order and to attempt to resolve any dispute as to an opposing party's responses or objections thereto. Any motion to compel additional responses to pending discovery must be filed on or before September 27, 2021.

Dated this 27th day of August, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

11